UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DIXON,

                                   Plaintiff,          CIVIL CASE NO. 05-40337

v.

                                                      HON. PAUL V. GADOLA
CITY OF YSPILANTI, *et. al*,                    U.S. DISTRICT COURT

                                 Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Melvin Dixon filed a complaint on November 2, 2005, against Defendants City of Ypsilanti and Ypsilanti Police Officers Kent Overton, Dennis Szymankiewicz and Elizabeth Hunt. Plaintiff alleges that Overton used excessive force during Plaintiff's arrest in violation of his civil rights and seeks damages under 42 U.S.C. § 1983. Plaintiff also alleges in the complaint that Defendants acted in concert or in conspiracy to deprive Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1985(3) and that the City of Ypsilanti through policy, practice, custom and usage encouraged and failed to restrict violations of civil rights.

Now before the Court is Defendants' motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56, filed on April 13, 2007. Plaintiff filed a response to the motion on May 25, 2007 but no reply was filed by any of the Defendants. In his response, Plaintiff seeks to withdraw all his claims against the City of Ypsilanti and Officers Szmankiewicz and Hunt. The Court will grant this request. The only remaining claim then, is a claim against Officer Overton, alleging a violation of 28 U.S.C. § 1983 for using excessive force while effecting the arrest of Plaintiff during a traffic stop. For the reasons stated below, the Court will deny Defendants' motion

as it relates to the remaining claim.

**I. Background**

On November 4, 2003, at approximately 8:30 p.m., Officer Elizabeth Hunt stopped a 1999 Lexus automobile for operating at night without the headlights activated. Def. Mot., Ex. 1, Dep. of Hunt, p. 5. The driver, Tovah Taylor, claimed that she did not have her driver's license with her, but verbally provided Officer Hunt with a name that later proved to be fictitious. *Id*. at 10, 17. Soon thereafter, Officers Overton and Szymankiewicz arrived. *Id.* at 11. Officer Hunt patted Ms. Taylor down and asked her to have a seat in the patrol vehicle. *Id.* at 15.

Plaintiff was sitting in the passenger seat of the stopped Lexus and two children were sitting in the rear seat. *Id.* at 9-10. While Officer Hunt was involved with Ms. Taylor, Officer Szymankiewicz approached the passenger side and observed Plaintiff make a "furtive gesture under the seat." Def. Mot., Ex. 3, Dep. of Szymankiewicz, p. 12. Plaintiff was asked to step out of the vehicle. *Id.* at 13.

The parties vigorously dispute what occurred thereafter. Defendants allege that Plaintiff was uncooperative, cursed at the officers, and refused to keep his hands on the vehicle despite repeated instructions to do so. *Id.* at 14; Def. Mot., Ex. 1, Dep. of Hunt, pp. 23, 25-27; Ex. 4, Dep. of Overton, pp. 18-19, 25. Officer Hunt claims that he saw Plaintiff push Officer Overton in an effort to leave the area. As a result, Officer Overton then forced Plaintiff to the ground using a straight arm bar takedown. Def. Mot., Ex. 1, Dep. of Hunt, pp. 28-29. Officer Hunt states that Plaintiff continued to resist arrest by "flailing his arms," but that nevertheless, Officer Overton was eventually able to restrain him in handcuffs. *Id.* at 33-34. Defendants deny that Officer Overton struck Plaintiff, made any threats to him, or made derogatory remarks. Def. Mot., Ex. 1, Dep. of

2

Hunt, pp. 34; Ex. 3, Dep. of Szymankiewicz, p. 35; Ex. 4, Dep. of Overton, pp. 25, 28

Plaintiff's claims contradict Defendants' recollection of the events. Plaintiff alleges that while his hands were still on the back of the vehicle, just as the officers had instructed him, Defendant Overton uttered a racial slur at him. Def. Mot., Ex. 2, Dep. of Dixon, p. 40. Plaintiff admits that he was "mouthing off" to the officers during the confrontation. Def. Mot., p. 1. Then, according to Plaintiff, without further provocation, Officer Overton asked Plaintiff if he wanted to "go behind the building," an apparent inquiry as to whether Plaintiff wanted to fight Overton. Def. Mot., Ex. 2, Dep. of Dixon, p. 41. Plaintiff claims he declined the offer. *Id.*. Defendant Overton then allegedly lifted Plaintiff up, punched him in the face, and slammed his head into the ground. *Id.*. Overton allegedly continued to punch Plaintiff while he slammed his head into the ground. *Id.* Plaintiff further alleges that after taking him to the ground, Defendant put his knee into Plaintiff's back and continued hitting him. *Id.* The deposition testimony of Plaintiff's girlfriend, Tovah Taylor corroborates Plaintiff's deposition testimony to the extent that while Plaintiff was up against the vehicle, Officer Overton punched Plaintiff in the face and Plaintiff was lifted up onto the trunk of the vehicle. Def's Mot., Ex. 2, Dep. of Taylor, pp. 49, 52.

Plaintiff was arrested and charged with violating M.C.L. 750.81d(1) (prohibiting the assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a person performing his or her duties). Following the arrest, Plaintiff sought medical treatment for injuries to his head, left eye, and lip. Pl. Resp., Ex. A, Dep. of Dixon, pp. 17-20, 26-17, 48-53; Ex. D, Hospital Records of 11/5/03; Ex. E, Hospital Records of 11/7/03; Exhibit F, Other Medical Records of Melvin Dixon.

At Plaintiff's preliminary hearing on February 17, 2004, the 22nd Circuit Court for the State

of Michigan, Washtenaw County, found that the officers had probable cause to arrest Plaintiff but dismissed the charge against Plaintiff for resisting and obstructing a police officer. Def. Mot., Ex 6, Court Activity Record/Order; Pl. Resp., Ex. A, Dep. of Dixon, p 26. Instead, Plaintiff entered a plea of no contest to a charge described as "disorderly person," and was fined one hundred dollars. *Id*.

## II. Legal Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material

4

fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc*., 738 F.Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; see *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III. Analysis**

First, in his Answer to Motion for Summary Judgment, Plaintiff withdraws his claims against the City of Ypsilanti and Officers Szymankiewicz and Hunt. The Court will grant the Plaintiff's request to withdraw those claims. Accordingly the Court will address only the remaining civil rights claim pursuant to 42 U.S.C. § 1983 against Officer Overton.

Defendants' Motion for Summary Judgment asserts that the alleged conduct against Plaintiff does not rise to the level of a constitutional violation sufficient to sustain a claim under 28 U.S.C. § 1983. In the alternative, Defendant Overton argues that he is entitled to qualified immunity on this claim. Taking the facts in a light most favorable to the non-moving Plaintiff, and drawing all inferences in Plaintiff's favor, the Court finds there is a genuine issue of material fact as to whether the use of force was in excessive under the circumstances. Therefore, the Court will deny Defendants' motion.

**A. Allegations Considered Under 42 U.S.C. § 1983**

A court analyzing a claim of excessive force brought pursuant to 42 U.S.C. § 1983 first recognizes that § 1983 "'is not itself a source of substantive rights' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Consequently, a court's analysis "begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Id.* at 394. "[A]*ll* claims that involve excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.* (emphasis in original). "Where, as here, the excessive force claim arises in

the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment. . . ." *Id.*

The Fourth Amendment to the United States Constitution prohibits the use of excessive force when effecting an arrest. *St. John v. Hickey*, 411 F.3d 762, 771 (6th Cir. 2005). The United States Supreme Court recognized that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. at 396. However, a police officer's use of excessive force in executing an arrest may give rise to a claim by the victim under 42 U.S.C. § 1983. *Tennessee v. Gardner*, 471 U.S. 1 (1985).

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). The test a court must apply to determine if the force used was excessive is "whether the officers' actions [were] 'objectively unreasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *St. John*, 411 F.3d at 771 (quoting *Graham*, 490 U.S. at 397). "This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002) (citing *Graham*, 490 U.S. at 396). The Sixth Circuit considers the following non-exhaustive factors when making this determination: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether [the suspect] is actively resisting arrest or attempting to

evade arrest by flight." *St. John*, 411 F.3d at 771 (quoting *Graham*, 490 U.S. at 396).

Viewing the record in the light most favorable to Plaintiff and drawing all reasonable inferences therefrom, the Court finds that he has set forth facts sufficient to establish a genuine issue of material fact as to whether Officer Overton used excessive force during the confrontation. According to Plaintiff's theory, the vehicle he was riding in was stopped for a minor traffic violation and he was asked to step out of the vehicle. According to Plaintiff, without any provocation or attempt to flee, he was harshly attacked by the much larger Officer Overton and was arrested. Plaintiff claims that although he was obeying the officers commands and was generally compliant, Officer Overton punched him in the face, slammed his head into the ground, punched him several more times, and then jabbed his knee into Plaintiff's back once Plaintiff was on the ground. Def. Mot., Ex. 2, Dep. of Taylor, p. 49; Ex. 4, Dep. Of Overton, p. 20; Pl. Resp., Ex. A, Dep. of Dixon, p. 41; Ex. D, Hospital Records of 11/5/03; Ex. E, Hospital Records of 11/7/03; Exhibit F, Other Medical Records of Melvin Dixon.

Plaintiff ultimately pled no contest to a charge of disorderly person stemming from the encounter with the police officers and paid a $100 fine. Such a crime is relatively minor when compared to the physical action allegedly taken against the purportedly compliant and non-threatening Plaintiff. Therefore, although there is considerable dispute as to the facts surrounding the altercation, taking the facts in a light most favorable to the non-moving Plaintiff, a reasonable jury could conclude that when considering Plaintiff's crime, the safety and flight risk Plaintiff posed, and the physical actions allegedly taken by Overton, Overton's actions were unjustified and excessive in light of the circumstances. *See St. John v. Hickey*, 411 F.3d 762, 775 (6th Cir. 2005)(*citing United States v. Sanders*, 719 F.2d 882, 887 (6th Cir. 1983))("a Fourth Amendment

seizure must be effectuated with 'the least intrusive means reasonably available.' "); *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 607 (6th Cir. 2006) (where an officer struck in the head an unarmed, compliant arrestee that posed no significant threat to the officers safety, a reasonable jury could find the strike was "unwarranted and unreasonably severe."). *See also*, *St. John*, 411 F.3d at 774 (finding that there is a clearly established right of a nonviolent arrestee to be free from unnecessary pain knowingly inflicted by the arresting officer); *Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 688 (6th Cir. 2006) (finding that in this Circuit there is a clearly establish the right of people who pose no safety risk to the police to be free from gratuitous violence during arrest). Accordingly, based on the facts taken in a light most favorable to the non-moving Plaintiff, there is a genuine issue of material fact as to whether Officer Overton's conduct when arresting Plaintiff was objectively reasonable; Defendants' motion for summary judgment on this issue must be denied.

### B. Application of the Doctrine of Qualified Immunity

Defendant argues, in the alternative, that even if this Court denies summary judgment with respect to the excessive force claim, Defendant Overton is protected by the doctrine of qualified immunity. Qualified immunity is an affirmative defense that shields public officers from liability under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 639 (1980). The Sixth Circuit has adopted the Supreme Court's holding in *Saucier v. Katz*, 533 U.S. 194 (2001), that a ruling upon a governmental actor's assertion of qualified immunity involves two questions: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter*, 408 F.3d 305, 310-11 (2005) (citing *Saucier*, 533 U.S. at 201).

9

The initial inquiry is whether the defendant's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. In the instant case, as detailed above, taking the facts in a light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Officer Overton's conduct when arresting Plaintiff was objectively reasonable. *See Graham*, 490 U.S. at 396. As a result, there is a genuine issue of material fact as to whether Officer Overton violated Plaintiff's right to be free from the use of excessive force.

As to the second inquiry, whether the right was clearly established, the dispositive question is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Turning to examine this question in the context of the right to be free from the use of excessive force, the Court of Appeals for the Sixth Circuit has explained:

> As this circuit has analyzed the qualified immunity issue in excessive force cases, the question of whether the reasonable officer would have known his conduct violated clearly established constitutional rights can be answered by the initial inquiry of whether the officer's use of force was objectively reasonable. See *Martin [v. Heideman ]*, 106 F.3d [1308], 1312-13 [(6th Cir. 1997)]; *Walton [v. City of Southfield ]*, 995 F.2d [1331], 1342 [(6th Cir. 1991)]. It is clear from this circuit's analyses in various excessive force decisions that, having concluded that the right to be free from excessive force is clearly established, whether we grant qualified immunity in a particular case depends upon whether the officer did, in fact, use excessive force (i.e., force that was not objectively reasonable). *Martin*, 106 F.3d 1312-13; *Walton*, 995 F.2d at 1342; *Kain [v. Nesbitt,]* 156 F.3d [669], 672-73 [ (6th Cir. 1998) ]. To put it another way, if there is a genuine issue of fact as to whether an officer's use of force was objectively reasonable, then there naturally is a genuine issue of fact with respect to whether a reasonable officer would have known such conduct was wrongful.

*Kostrzewa v. City of Troy*, 247 F.3d 633, 641-42 (6th Cir. 2001).

Therefore, because this Court has found that, taking the facts in the light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Defendant Overton's use of force was

10

objectively reasonable, there "naturally is a genuine issue of fact with respect to whether a reasonable officer would have known such conduct was wrongful." *Id*. Consequently, summary judgment in favor of Defendant Overton is not appropriate based on qualified immunity.

**IV. Conclusion**

The Court, having conducted a review of the Defendants' motion for summary judgment and being fully advised and aware in the premises;

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's claims against **Defendants City of Ypsilanti and Officers Szymankiewicz and Hunt** pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) are **DISMISSED**.

**IT IS FURTHER ORDERED** that **Defendants City of Ypsilanti and Officers Szymankiewicz and Hunt** are **DISMISSED FROM THIS CAUSE OF ACTION.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [docket entry #18] is **DENIED** with respect to (1) Plaintiff's 42 U.S.C. § 1983 claim against Defendant Overton, and (2) Defendant Overton's assertion of qualified immunity.

**SO ORDERED.**


Dated:   December 7, 2007                           s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   December 7, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Guy T. Conti; Gene Hullinghorst; David K. Otis; Gerald F. Posner            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                        .

                                                          s/Ruth A. Brissaud                 
                                                          Ruth A. Brissaud, Case Manager
                                                          (810) 341-7845